**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ROBIN LOVE,**<br><br>          Plaintiff,<br><br>     vs.<br><br>**PERMANENTE MEDICAL GROUP** *et al.***,**<br><br>          Defendants. | Case No.: **12-CV-05679 YGR**<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND; AND GRANTING DEFENDANTS' MOTION TO STRIKE** |

Plaintiff Robin Love brings this wrongful termination action against her former employer, Defendants Kaiser Foundation Hospitals, Kaiser Foundation Health Plan, and The Permanente Medical Group (collectively "Defendants" or "Kaiser") for retaliating against her after she reported workplace safety issues. Plaintiff brings seven claims: (1) Retaliation in Violation of California's Whistleblower Protections Act, California Health & Safety Code § 1278.5; (2) Discrimination in Violation of California Labor Code § 6310; (3) Wrongful Termination in Violation of Public Policy; (4) Breach of Contract; (5) Intentional Interference with the Right to Practice her Profession; (6) Intentional Infliction of Emotional Distress; and (7) Reinstatement.

Defendants have filed a Motion to Dismiss the First, Fifth, and Sixth Counts of the Complaint for failure to state a claim upon which relief can be granted, and to Strike all references in the Complaint to California Health and Safety Code section 1278.5. The Court heard oral argument on March 19, 2013.

Having carefully considered the papers submitted, the Complaint, and the argument of counsel, for the reasons set forth below, the Court hereby **DENIES IN PART** and **GRANTS IN PART** the Motion to Dismiss **WITH LEAVE TO AMEND**. As to the Sixth Count, the motion is **DENIED** because

Defendants' alleged response to Ms. Love's complaints about workplace safety issues is sufficiently "outrageous" to support a claim for intentional infliction of emotional distress. The motion is **GRANTED** as to the First Count because Plaintiff does not allege she engaged in any activity that is protected by the statute. The motion is **GRANTED** as to the Fifth Count because Plaintiff fails to allege that Defendants interfered with her ability to practice her profession.

## I.     BACKGROUND

Plaintiff Robin Love alleges in her Complaint as follows: Ms. Love served as a licensed clinical social worker for the Division of Chemical Dependency Services in Kaiser's South San Francisco facility from September 2008 until her termination in May 2012. In February 2011, another therapist warned Ms. Love that one of her patients communicated that he wanted to "murder Robin Love." For many months, Ms. Love requested that Defendants obtain a restraining order on her behalf to protect her from the threatening patient. Defendants ignored the death threat and failed to seek a restraining order to protect Ms. Love. When Ms. Love complained to several of Kaiser's managers about workplace safety and Kaiser's failure to protect her, Defendants retaliated against Ms. Love by bringing false disciplinary charges against her, subjecting her to unlawful corrective action, and then terminating her employment without just cause. Ms. Love filed this action seeking reinstatement and monetary damages.

Defendants move to dismiss Count I for Retaliation on the grounds that, as a matter of law, Section 1278.5 of the California Health & Safety Code does not protect employees from retaliation for complaining about workplace safety. For that same reason, Defendants move to strike as immaterial all other references in the Complaint to California Health & Safety Code § 1278.5. As to Count V, for Intentional Interference with the Right to Practice her Profession, Defendants argue that Ms. Love fails to allege any facts showing interference with a third-party. Finally, Defendants move to dismiss Count VI for Intentional Infliction of Emotional Distress because the Complaint fails to allege "outrageous" conduct.

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Dismissal under Rule

1  12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts
2  alleged under a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To
3  withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true,
4  to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
5  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**III.   DISCUSSION**

   **A.   COUNT I – RETALIATION IN VIOLATION OF CALIFORNIA HEALTH & SAFETY CODE § 1278.5**

Plaintiff's First Count is for retaliation in violation of Section 1278.5 of the California Health & Safety Code. Section 1278.5, known as California's Whistleblower Protections Act for healthcare workers, prohibits any healthcare facility from retaliating against an employee because the employee has presented a complaint or report concerning quality of care, services, or conditions at the facility. *See* Cal. Health & Safety Code § 1278.5(b)(1). Specifically:

> No health facility shall discriminate or retaliate, in any manner, against any patient, employee, member of the medical staff, or any other health care worker of the health facility because that person has … initiated, participated, or cooperated in an investigation or administrative proceeding related to, the quality of care, services, or conditions at the facility that is carried out by an entity or agency responsible for accrediting or evaluating the facility or its medical staff, or governmental entity.

Cal. Health & Safety Code § 1278.5(b).

Employment retaliation claims generally require a plaintiff to plead, *inter alia*, that: (1) she engaged in protected conduct; and (2) the employer retaliated against her because she engaged in such conduct. *Jadwin v. County of Kern*, 610 F. Supp. 2d 1129, 1144 (E.D. Cal. 2009) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 (9th Cir. 2008)). The parties dispute whether Ms. Love has alleged that she engaged in conduct that is protected by the statute. Plaintiff alleges that she was disciplined and terminated in retaliation for reporting violations of workplace safety, specifically, death threats against her. (Complaint ¶ 42.) Defendants argue that reporting a threat to her own safety is not protected conduct under California Health & Safety Code § 1278.5.

As pleaded in the Complaint, Ms. Love has not alleged she engaged in any activity protected by the statute. Ms. Love does not allege that she complained about "the quality of care, services, or

conditions at the facility." *See* Cal. Health & Safety Code § 1278.5(b).  Ms. Love alleges that she was retaliated against for reporting violations of workplace safety, but the complaints related to Kaiser's failure to protect her safety.  Specifically, Ms. Love "repeatedly complained about Kaiser-Permanente's failure to provide her with a safe work environment" because Kaiser "failed to take appropriate action to protect Ms. Love." (Complaint ¶¶ 20-21.)  These are not "whistleblower" activities under the statute.

To be entitled to whistleblower protection, Ms. Love must articulate facts that demonstrate the nature of her conduct falls within the protections of the statute.  She may not merely recast her complaints to Kaiser management as "whistleblowing" on "workplace safety" simply because the statute provides additional measures of damages.  Ms. Love does not allege that the threat to her life is related to hospital "conditions."  Instead, Ms. Love asks the Court to infer that the threat to her life also threatened the safety of others at the hospital, including patents, and then infer that patient safety relates to "conditions" at the hospital; yet she does not allege that she complained of the same.  At oral argument, Ms. Love set forth additional facts that "suggest" patient safety might have been implicated based on the conduct alleged in the Complaint.  She argued that she should be permitted to pursue this theory through discovery to determine whether the Defendants considered her complaints to be "whistleblowing" activities under the statute.  The Court disagrees.  Plaintiff first must allege sufficient facts about her own conduct to state a claim.

Based on the foregoing analysis, the Court **GRANTS** the Motion to Dismiss Count I for retaliation in violation of California Health & Safety Code § 1278.5.  Additionally, the Court **GRANTS** the Motion to Strike as immaterial the references to Health and Safety Code Section 1278.5 in paragraphs 52 and 75 of the Complaint.  **LEAVE TO AMEND** is **GRANTED** to the extent this claim can be amended consistent with this Order and counsels' Rule 11 obligations.

B.     <u>COUNT V</u> – INTENTIONAL INTERFERENCE WITH THE RIGHT TO PRACTICE HER PROFESSION

Count V alleges intentional interference with Plaintiff's right to practice her profession.  A cause of action for intentional interference with the right to practice one's profession requires intentional and malicious acts designed to prevent the plaintiff from practicing her profession.  *See*

4

*O'Byrne v. Santa Monica-UCLA Med'l Ctr.*, 94 Cal. App. 4th 797, 812 (Cal. Ct. App. 2001). Defendants argue that Plaintiff fails to state a cause of action because she alleges only that the Defendants prevented her for working for them, not that Defendants interfered with her ability to practice her profession elsewhere.

The Complaint alleges the legal conclusion that Defendants, acting in concert, wrongfully and intentionally interfered with Ms. Love's right to practice her profession as a licensed clinical social worker. (Complaint ¶ 65.) Ms. Love does not allege that Defendants deprived her of another opportunity to become employed in her field. Rather, her allegations relate solely to being deprived of the opportunity to work for Kaiser. Aside from wrongful termination, however, Plaintiff does not allege that the Defendants have engaged in any conduct directed at preventing her from practicing her profession. She clarifies in her opposition that this claim is "intended to address the damaging impact that her termination has undoubtedly had on her future employment prospects." (Opp'n at 9.) As alleged, damage to her future employment prospects, flowing from her allegedly wrongful termination, does not constitute the tort of intentional interference with the right to practice a profession.

Based on the foregoing analysis, the Court **GRANTS** the Motion to Dismiss Plaintiff's claim for Intentional Interference with the Right to Practice her Profession. **LEAVE TO AMEND** is **GRANTED** to the extent facts exist to support this cause of action.

### C. COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Count VI is for intentional infliction of emotional distress. The elements for a *prima facie* case of intentional infliction of emotional distress are: (1) outrageous conduct by the defendant; (2) with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) causation of the emotional distress by the defendant's outrageous conduct. *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007) (citing *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (Cal. 1982)). Defendant argues that Plaintiff has failed to allege outrageous conduct. "Outrageous" conduct by the defendant is conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.*

Plaintiff alleges that Kaiser's failure to obtain a restraining order to protect her from a patient who threatened to murder her and then retaliating against her for complaining is outrageous. Defendants characterize this as the exercise of "discretionary management functions," which they argue, as a matter of law, cannot rise to the level of outrageous conduct. Whether the Defendants' alleged conduct was "outrageous" is a factual issue, not a legal issue to be resolved on a motion to dismiss. At the Rule 12 stage, Ms. Love's allegations are sufficient to support the "outrageousness" element for a claim of intentional infliction of emotional distress. *See Perugini v. Safeway Stores, Inc.*, 935 F.2d 1083, 1088 (9th Cir. 1991) (refusal to provide light duty to pregnant employee).

Based on the foregoing analysis, the Court **DENIES** the Motion to Dismiss Count VI for intentional infliction of emotional distress.

## IV. CONCLUSION

Defendants' Motion to Dismiss the First, Fifth, and Sixth Counts of the Complaint, and Motion to Strike is **GRANTED IN PART** and **DENIED IN PART**:

The Motion is **GRANTED** as to Counts I and V, and the request to strike, but **DENIED** as to Count VI.

Count I for Retaliation in Violation of Cal. Health & Safety Code § 1278.5 and Count V for Intentional Interference with the Right to Practice her Profession are **DISMISSED WITH LEAVE TO AMEND** consistent with this Order and counsels' Rule 11 obligations. The words "Health and Safety Code section 1278" are **STRICKEN** from paragraphs 52 and 75 of the Complaint.

No later than 28 days from the date this Order is filed, Plaintiff shall file either: (a) an Amended Complaint or (b) a Statement indicating that she will proceed on the current Complaint. Defendants shall respond within 21 days after being served with the above.

This Order Terminates Docket Number 15.[1]

**IT IS SO ORDERED**.

Date: April 5, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] The parties are Ordered to review the Court's Standing Order in Employment Cases.