1  JUSTICE FIRST, LLP
2  Jenny C. Huang, SBN 223596
   Sarita Ordonez, SBN 216047
3  Briana Cummings, SBN 285002
4  180 Grand Avenue, Suite 1300
   Oakland, CA  94612
5  Telephone: (510) 628-0695
   E-mail:  jhuang@justicefirstllp.com
6          sordonez@justicefirstllp.com
7          bcummings@justicefirstllp.com

STEPHEN D. SCHEAR, SBN 83806
Law Office of Stephen Schear
2831 Telegraph Avenue
Oakland, CA  94609
Telephone: (510) 832-3500
E-mail:  steveschear@gmail.com

8  Attorneys for Plaintiff Robin Love

9
10 MARION'S INN, LLP
   Kennedy P. Richardson, SBN 62516
11 David M. Rosenberg-Wohl, SBN 132924
   David B. Anderson, SBN 273419
12 1611 Telegraph Avenue, Suite 707
13 Oakland, CA  94612-2415
   Telephone: (510) 451-6770
14 E-mail:  kpr@marionsinn.com
15         drw@marionsinn.com
           dba@marionsinn.com
16
17 Attorneys for Defendants Kaiser Foundation
   Hospitals, Kaiser Foundation Health Plan, Inc.,
18 The Permanente Medical Group, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ROBIN LOVE,<br><br>    Plaintiff,<br><br>vs.<br><br>KAISER FOUNDATION HOSPITALS, ET AL.,<br><br>    Defendants.<br>_____ | Case No.:  12-cv-05679 (YGR)<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to the above-entitled action, by way of their respective attorneys, HEREBY STIPULATE AND AGREE that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "confidential information."

2. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4. Information or documents designated as "confidential" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the

matter, to the extent deemed necessary by counsel;

   d. Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

   e. The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

   a. inform the person of the confidential nature of the information or documents; and

   b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than the latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information shall thenceforth be treated as Confidential

Information subject to all the terms of this Stipulation and Order.

8. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court. To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of filings with the Court shall be filed under seal.

9. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

**IT IS SO STIPULATED.**

//
//
//

Case 3:12-cv-05679-WHO   Document 30   Filed 04/16/13   Page 5 of 6

| | | |
|---|---|---|
| Dated: April 4, 2013 | | **JUSTICE FIRST, LLP** |
| Oakland, California | | Attorneys for Plaintiff Robin Love |
| | | By: |
| | | /s/ Jenny Huang |
| | | Jenny C. Huang |
| | | 180 Grand Avenue, Suite 1300 |
| | | Oakland, CA  94612 |

Dated: April 4, 2013                         **STEPHEN D. SCHEAR**
       Oakland, California                   Attorneys for Plaintiff Robin Love
                                             By:
                                                  /s/ Stephen Schear
                                             Stephen Schear
                                             2831 Telegraph Avenue
                                             Oakland, CA  94609

Dated:                                       **MARION'S INN, LLP**
       Oakland, California                   Attorneys for Defendants
                                             By:
                                                  /s/ David Rosenberg-Wohl
                                             David M. Rosenberg-Wohl
                                             1611 Telegraph Avenue, Suite 707
                                             Oakland, CA  94612

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: April  16 , 2013

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

*LOVE V. KAISER FOUNDATION HOSPITALS, ET AL.*, CASE NO. 12-CV-05679 (YGR)
PAGE 5 OF 6

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Love v. Kaiser Foundation Hospitals, et al.* Case No. 12-cv-05679 (YGR) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]

Signed in the Presence of: _____ (counsel of record)