UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN LOVE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PERMANENTE MEDICAL GROUP, et al.,<br><br>　　　　Defendants. | Case No. 12-cv-05679-WHO<br><br>**ORDER ON MOTION TO DISMISS, MOTION TO STRIKE, AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 37, 100 |

Plaintiff Robin Love brings this wrongful termination action against her former employer, defendants Kaiser Foundation Hospitals, Kaiser Foundation Health Plan, and The Permanente Medical Group (collectively, "Defendants" or "Kaiser") for allegedly retaliating against her after she reported workplace safety issues. Plaintiff's First Amended Complaint ("FAC") brings seven claims: (1) retaliation in violation of California's Whistleblower Protections Act, CAL. HEALTH AND SAFETY CODE § 1278.5; (2) discrimination in violation of CALIFORNIA LABOR CODE § 6310; (3) wrongful termination in violation of public policy; (4) breach of contract; (5) wrongful termination of hospital privileges; (6) intentional infliction of emotional distress; and (7) reinstatement.

Having considered the parties' briefs and the argument of counsel, and for the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss WITH LEAVE TO AMEND. The motion is GRANTED WITH LEAVE TO AMEND as to the First Cause of Action. The motion is DENIED as to the Fifth Cause of Action. The Motion to Strike references in the FAC to California Health and Safety Code section 1278.5 is GRANTED. Plaintiff's Motion for Leave to File a Second Amended Complaint is DENIED as moot.

## BACKGROUND

For purposes of this Motion to Dismiss, the Court accepts as true the following factual

allegations in the FAC.

Plaintiff Robin Love worked as a licensed clinical social worker for the Division of Chemical Dependency in Kaiser's South San Francisco facility. In February 2011, another therapist warned Love that one of her patients said that he wanted to "murder Robin Love." FAC ¶ 1. For months, Love requested that Kaiser obtain a restraining order on her behalf to protect her against that patient, but Kaiser did not obtain a restraining order. FAC ¶ 1.

Love then repeatedly complained to Kaiser's management about the failure to provide a safe work environment. FAC ¶¶ 10, 24-25. Love claims that the restraining order "would have protected her, other employees, and other patients" by requiring the threatening patient to "stay away" from Kaiser facilities. FAC ¶ 21. "At least one" of Love's colleagues "believed" that the failure to obtain a restraining order made it unsafe for the patient's wife to participate in Love's counseling group. FAC ¶ 20.

In August 2011, Kaiser disciplined Love for allegations relating to the patient who threatened her. FAC ¶ 28. On February 17, 2012, Love filed a grievance to challenge the discipline and corrective action. FAC ¶ 38. Two months later, in April 2012, Kaiser brought disciplinary charges against Love for violating employment policies and professional duties to other patients. FAC ¶ 33. A senior human resources consultant was assigned to review the allegations against Love and participated in the decision to terminate her. FAC ¶ 35. Kaiser terminated Love's employment in May 2012. Kaiser did not offer Love a hearing on her termination. FAC. ¶ 37.[1]

**PROCEDURAL HISTORY**

Defendants have filed a Motion to Dismiss the First and Fifth Causes of Action for failure to state a claim upon which relief can be granted, and a Motion to Strike all references in the FAC to California Health and Safety Code section 1278.5. Plaintiff filed a Motion for Leave to File a Second Amended Complaint while defendants' motions were pending. The Court heard oral

---

[1] At the September 11, 2013, hearing, counsel for Love argued that Love's statements in a declaration submitted in support of her Opposition to the Motion to Dismiss should be considered as if they were alleged in the FAC. When determining whether dismissal is proper under Federal Rule of Civil Procedure 12(b)(6), the Court looks to the factual allegations in the Complaint.

argument on September 11, 2013.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## DISCUSSION

### I. FIRST CAUSE OF ACTION: RETALIATION IN VIOLATION OF CALIFORNIA HEALTH AND SAFETY CODE § 1278.5

The plaintiff fails to adequately plead that her activity falls within the protection of California Health and Safety Code section 1278.5, which was enacted to prohibit retaliation and discrimination against patients and employees of healthcare facilities because the person presented a complaint or report about the quality of care, services, or conditions at the facility. *See* CAL. HEALTH & SAFETY CODE § 1278.5(b)(1). The legislature's intent in enacting the law is set forth in section (a):

3

> The Legislature finds and declares that it is the public policy of the State of California to encourage patients, nurses, members of the medical staff, and other health care workers to notify government entities of suspected *unsafe patient care and conditions*. The Legislature encourages this reporting in order to protect patients and in order to assist those accreditation and government entities charged with ensuring that health care is safe. The Legislature finds and declares that *whistleblower protections apply primarily to issues relating to the care, services, and conditions of a facility* and are not intended to conflict with existing provisions in state and federal law relating to employee and employer relations.

CAL. HEALTH & SAFETY CODE § 1278.5(a) (emphasis added).

Love alleges she was disciplined and terminated in retaliation for reporting violations of workplace safety, specifically, death threats against her, which she claims "related to unsafe conditions and patient safety." FAC ¶¶ 28, 43. She argues that she is within the scope of persons whom the statute is intended to protect because the statute was amended to extend protection to members of medical staff. Dkt. No. 95 at 7-8. Whether Love falls under the statute's definition of "medical staff" and "other health care workers" is not in dispute. CAL. HEALTH & SAFETY CODE § 1278.5(b)(1). The question is whether the nature of Love's conduct falls within "whistleblower" activities protected under the statute.

To establish a prima facie case of retaliation under § 1278.5, a plaintiff must show that: (1) he engaged in protected activity under the statute, and (2) he was thereafter subjected to an adverse employment action. *Jadwin v. Cnty. of Kern*, 610 F. Supp. 2d 1129, 1144 (E.D. Cal. 2009). The statute states, "whistleblower protections apply primarily to issues relating to the care, services, and conditions of a facility . . . ." CAL HEALTH & SAFETY CODE § 1278.5(a). Courts have pointed out that the statute "is intended to encourage medical staff and patients to notify government entities of suspected unsafe patient care and conditions" *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 (9th Cir. 2008) (internal citation omitted), and that "[t]he Legislature's intent is clear: Medical personnel must be protected from retaliation when they report conditions that endanger patients." *Fahlen v. Sutter Cent. Valley Hosps.*, 145 Cal. Rptr. 3d 491 (Cal. Ct. App. 2012) *review granted and opinion superseded on other grounds*, 288 P.3d 1237 (Cal. 2012).

To survive a motion to dismiss, Love must allege that her complaints were about patient care and safety and workplace conditions. However, Love merely alleges that she complained

4

about Kaiser's failure to protect *her* and provide a safe work environment due to its failure to obtain a restraining order. FAC ¶¶ 19, 24-25. Love alleges that she and her colleague "believed" that Kaiser's failure to obtain a restraining order made it unsafe for the patient's wife to participate in Love's counseling group, and that the restraining order would have protected employees and other patients. FAC ¶¶ 20-21. Love does not allege that she communicated these specific concerns to Defendants. While Love alleges that her complaints "related to unsafe conditions and patient safety," she Love provides no facts to support this assertion. FAC ¶ 43.   Without more than conclusory statements, Love's factual allegations are inadequately pleaded.

**II. FIFTH CAUSE OF ACTION: WRONGFUL TERMINATION OF HOSPITAL PRIVILEGES**

Defendants argue that Love is required to exhaust her administrative remedies by obtaining a writ of mandamus to overturn Kaiser's disciplinary decision before bringing a tort action for termination of her privileges. In *Westlake Community Hospital v. Superior Court of Los Angeles County,* 551 P.2d 410 (Cal. 1976), the California Supreme Court held that the exhaustion of remedies doctrine fully applies to actions seeking damages for an allegedly wrongful termination of or exclusion from membership in a private hospital. A physician who claims that he is the victim of faulty medical peer review must proceed through a mandamus action because medical peer review proceedings are "quasi-judicial procedures." *Id*. at 421. Once the hospital's quasi-judicial decision has been found improper in a mandate action, an excluded doctor may proceed in tort against the hospital, or any others legally responsible for the denial of staff privileges. *Id*.

However, when the exclusion or dismissal is not undertaken pursuant to a quasi-judicial proceeding, the same procedures do not apply. Where there is no quasi-judicial proceeding and the hospital does not inform a plaintiff of a right to respond to the charges against him, the hospital has denied "staff privileges to a doctor without affording him the basic procedural protection to which he is legally entitled, [and] the hospital and parties acting in concert with the hospital can offer no convincing reason or justification why they should be insulated from an immediate tort suit for damages." *Id*. at 417.

Here, there was no quasi-judicial proceeding. Love's hospital privileges were revoked and she was terminated without notice or a hearing. Defendants did not offer Love a hearing on her termination or inform her that she had any right to a hearing. FAC ¶ 37. While the parties disagree whether Kaiser was required to give Love a hearing, for exhaustion purposes that issue does not matter.[2] Based on the factual allegations in the FAC, Love was never afforded the process that notice and a quasi-judicial hearing would have provided. Because of that, Love was not required to obtain a writ of mandamus before instituting her tort action. *Westlake,* 551 P.2d at

---

[2] Love argues that Kaiser was required to give her a hearing, citing California Business and Professions Code sections 805 and 809. Dkt No. 95 at 9-10. The goal of those statutes is to provide a peer review process when a facility seeks to exclude medical professionals who provide substandard care or engage in professional misconduct. CAL. BUS. & PROF CODE § 809(a)(6). As implied by the term "peer review," a peer review body is generally composed of licensed persons of the same statutory classification (such as "physician and surgeon" or "clinical social worker") as the individual whose work is under review. *See* CAL. BUS. & PROF.CODE § 805, subds. (a)(1)(B)(i) & (a)(1)(B)(iv). When an individual is disciplined through a peer review proceeding, that person has certain rights to notice and a hearing. *See* CAL. BUS. & PROF CODE § 809.1(b).

Defendants allege that Kaiser is an "acute care hospital" and was not required to provide a hearing for Love under Section 809. Dkt. 49, p. 5. In the case of acute-care hospitals, the statutory requirements for the peer review process are only indirectly applicable:

> Sections 809 to 809.8, inclusive, shall not affect the respective responsibilities of the organized medical staff or the governing body of an acute care hospital with respect to peer review in the acute care hospital setting. It is the intent of the Legislature that written provisions implementing Sections 809 to 809.8, inclusive, in the acute care hospital setting shall be included in medical staff bylaws that shall be adopted by a vote of the members of the organized medical staff and shall be subject to governing body approval, which approval shall not be withheld unreasonably.

CAL. BUS. & PROF CODE § 809.1(a)(8). In the case of an acute care hospital, the peer review statutes permit the final determination concerning disciplinary action to be taken by the governing body of the hospital, not by the peer review body. CAL. BUS. & PROF.CODE § 809(a)(8). Even so, "the governing body shall give great weight to the actions of peer review bodies and, in no event, shall act in an arbitrary or capricious manner." CAL. BUS. & PROF.CODE § 809.05(a).

It is unclear from the FAC whether Love's disciplinary determination was made in a peer review proceeding, whether the hospital adopted Business and Professions Code section 809 in its bylaws, or whether Love was terminated through some other internal hospital procedure. The FAC alleges that a senior human resources consultant was assigned to review the allegations against Love and participated in the decision to terminate her. FAC ¶ 35. A human resources consultant does not fall under the definition of a "peer review body" as defined in the statute. CAL. BUS. & PROF. CODE § 805(a)(1)(B).

6

417. Defendants have not pointed to any administrative remedy available to Love that she failed to exhaust. Accordingly, the motion to dismiss the Fifth Cause of Action is DENIED.

## CONCLUSION

Defendants' Motion to Dismiss the First and Fifth Causes of Action is GRANTED IN PART and DENIED IN PART. The motion is GRANTED WITH LEAVE TO AMEND as to the First Cause of Action and the request to strike, but DENIED WITH PREJUDICE as to the Fifth Cause of Action. Because the proposed pleading attached to Plaintiff's Motion for Leave to File a Second Amended Complaint is now superseded by this Order, that motion is DENIED as moot.

Plaintiff shall file any amended complaint no later than 20 days from the date of this Order.

**IT IS SO ORDERED**.

Dated: September 18, 2013



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California