**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11   ROBIN LOVE,                          No. C-12-05679 WHO (DMR)

12           Plaintiff(s),               **ORDER RE: JOINT DISCOVERY
                                         LETTERS [DOCKET NOS. 106, 110, 131]**
13        v.

14   THE PERMANENTE MEDICAL GROUP,

15           Defendant(s).
                                    _____/
16   _____

17        Before the court are three joint discovery letters filed on September 24, October 8, and

18   November 12, 2013 by Plaintiff Robin Love and Defendants The Permanente Medical Group,

19   Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan (collectively, "Defendants").

20   [Docket Nos. 106, 110, 131.]  At issue is the sufficiency of Defendants' responses to certain of

21   Plaintiff's interrogatories and requests for production of documents ("RFPs").  The court conducted

22   a hearing on November 14, 2013.  This order summarizes the rulings made during the hearing.

23   Plaintiff's motion to compel further discovery responses is granted in part and denied in part, subject

24   to the limitations set forth below.

25                              **I.  BACKGROUND**

26        Plaintiff was employed as a chemical dependency therapist from September 2008 until May

27   2012 in the Chemical Dependency Services department of Defendants' South San Francisco hospital

28   facility.  Plaintiff contends she was employed without incident until another therapist notified her

**United States District Court**

For the Northern District of California

1    that a patient named J.H. had made a death threat against her and Plaintiff complained that

2    Defendants failed to properly respond.  Plaintiff alleges that her supervisor, Director of Psychiatry

3    Kenneth Shigematsu, retaliated against her for complaining about his actions or inactions in

4    response to the threatening patient.  Defendants contend that Plaintiff was terminated for errors in

5    patient care, failures to chart properly, misstatements about her schedule, and other work-related

6    problems.  Plaintiff sues for retaliation, discrimination, breach of contract, wrongful termination

7    against public policy, wrongful termination of hospital privileges, intentional infliction of emotional

8    distress, and violation of right to fair procedure.

9                                    **II.  DISCOVERY DISPUTES**

10   **A.  Discovery Relating to Kenneth Shigematsu (Interrogatory Nos. 51-53)**

11           Plaintiff moves to compel Defendants to search several additional locations for documents

12   responsive to Interrogatory Nos. 51-53.

13           **1.  Files of Current and Former Physicians in Chief and Chiefs of Staff and the
             Assistant Chief and Quality Chief for the Kaiser South San Francisco Department

14           of Psychiatry**

15           These requests are denied without prejudice for the reasons stated at the hearing.  Plaintiff

16   may seek discovery from these sources if she can demonstrate a likelihood that the information

17   sought can be found in these sources.  The court will also need to be persuaded that the benefits of

18   the discovery outweigh the likely burdens.

19           **2.  Compliance Files**

20           Plaintiff moves to compel Defendants to search for responsive documents in the files of (a)

21   Compliance Investigator Rachel McMullin, (b) the Compliance Department/Office for Kaiser South

22   San Francisco, (c) the Compliance Office responsible for maintaining the Kaiser Permanente

23   Compliance Hotline, and (d) the files of the Compliance Officer assigned to respond to compliance

24   issues for the Kaiser South San Francisco Department of Psychiatry.

25           Defendants state that since the second discovery letter was filed, they (1) confirmed that

26   Compliance Investigator Rachel McMullin has never investigated Mr. Shigematsu for a compliance

27   concern and she has not received any employee complaints about him; and (2) confirmed that the

28

United States District Court

For the Northern District of California

1    "Compliance database" has been searched and the only responsive employee complaint has been

2    produced as TPMG 3144-3153.

3         At the hearing, Plaintiff indicated that she would withdraw this aspect of her motion pending

4    a short deposition of Rachel McMullin. The court ordered the parties to meet and confer by

5    November 14, 2013 regarding the scheduling of McMullin's deposition.

6         **4. Central Human Resources Databases**

7         Plaintiff moves to compel Defendants to expand their search to all human resources files for

8    (a) the Northern California regional office for human resources in Oakland, and (b) human resources

9    Compliance.

10         Defendants conceded at the hearing that a search for electronically stored information would

11    not be burdensome. Accordingly, Defendants shall conduct a search for responsive documents in

12    the electronic files of the human resources regional office in Oakland and human resources

13    Compliance and produce any responsive documents to Plaintiff by November 28, 2013.

14    **B. Documents of the Privileges and Credentials Committee (RFPs 49, 69)**

15         Previously, this court granted Plaintiff's motion to compel Defendants to respond to

16    Plaintiff's RFP Nos. 49 and 69, which seek documents relating to Plaintiff's privileges and

17    credentials. *See* RFP No. 49 (documents in Shigematsu's files relating to Feb. 3, 2012 Credentials

18    and Privileges Committee meeting), and 69 (minutes, notes, summaries, and correspondence

19    regarding Feb. 3, 2012 Credentials and Privileges Committee meeting). Plaintiff raises two

20    concerns with Defendants' supplemented responses.

21         **1. Redacted Minutes from February 3, 2013 Meeting (RFP No. 69)**

22         Defendants have produced seven pages of meeting minutes from the February 3, 2012

23    Credentials and Privileges Committee meeting, but with heavy redactions on the basis of relevance,

24    privacy concerns, and attorney-client privilege. The court reviewed the unredacted document *in*

25    *camera* at the hearing and heard Defendants' arguments on their assertions of privilege.

26         With respect to redactions based on privacy concerns and relevance, the court orders

27    Defendants to produce a less redacted version of this document by removing the redaction of the

28    topic columns, for the reasons stated at the hearing.

1    With respect to Defendants' assertion of the attorney-client privilege, "[t]he burden is on the

2 party asserting the privilege to establish all the elements of the privilege." *United States v. Martin*,

3 278 F.3d 988, 999-1000 (9th Cir. 2002). "Because it impedes full and free discovery of the truth,

4 the attorney-client privilege is strictly construed." *Id.* at 999 (quoting *Weil v. Inv./ Indicators,*

5 *Research & Mgmt., Inc.* 647 F.2d 18, 24 (9th Cir.1981). "Wigmore on Evidence describes the

6 several elements of the privilege this way: (1) When legal advice of any kind is sought (2) from a

7 professional legal adviser in his or her capacity as such, (3) the communications relating to that

8 purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently

9 protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be

10 waived." *Id.* (quoting 8 Wigmore, Evidence § 2292, at 554 (1961)).

11    Based on the court's review of the unredacted document, the court finds that Defendants

12 have not met their burden of establishing that the attorney-client privilege should attach to any part

13 of the document. Defendants must remove redactions in accordance with this order and re-produce

14 the document to Plaintiff by November 14, 2013.

### 2. Documents in Shigematsu's Files Relating to Meeting (RFP No. 49)

16    Aside from the meeting minutes, Defendants have produced only three pages of

17 correspondence in response to RFP No. 49. Plaintiff believes that Defendants have additional

18 responsive documents in their possession. The basis for this belief is that documents previously

19 produced by Defendants, which the court reviewed during the hearing, reference other documents

20 that appear responsive to RFP No. 49. *See, e.g.* TPMG 3263.

21    Defendants contend they have already produced the referenced documents. The parties shall

22 meet and confer on this matter by November 18, 2013. Defendants shall be prepared to match the

23 bates numbers in their production to the documents Plaintiff seeks, in order to demonstrate to

24 Plaintiff that the referenced documents have indeed been produced.

### C. Documents Relating to Patient J.T. (RFP 128)

26    One of the seven incidents forming Defendants' alleged basis for Plaintiff's termination was

27 her care of Patient J.T. on March 10, 2011. Defendants accused Plaintiff of sending J.T. from her

28 office to the South San Francisco facility unaccompanied and without proper documentation while

United States District Court
For the Northern District of California

4

United States District Court
For the Northern District of California

1    he was actively suicidal.  To the contrary, Plaintiff contends that she did not see J.T. on March 10,

2    2011; that she referred him for a medication appointment in the Department of Psychiatry; and that

3    he was not actively suicidal at that time but needed to be seen for medication needs.  According to

4    Plaintiff, when J.T. was evaluated for medication, he reported to a nurse practitioner that he had had

5    suicidal thoughts in the past.  His comments were misunderstood to be recent thoughts of suicide,

6    and he was involuntarily committed pursuant to Cal. Welfare & Inst. Code § 5150 at Defendants'

7    Santa Clara Medical Center.  J.T. challenged the involuntary commitment, and Plaintiff agreed that

8    J.T. had been improperly committed because he had been sober for several weeks, was regularly

9    participating in group therapy, and was seeking medication to assist with his depression.  Thus a

10   factual question in dispute with regard to J.T. is whether he was actively suicidal on March 10, 2011.

11        RFP No. 128 seeks the in-patient medical records for J.T. during his admission at the Santa

12   Clara Medical Center in March 2011.  Defendants have not produced these records, despite

13   voluntarily producing hundreds of pages of J.T.'s other medical records as part of their initial

14   disclosures.  Defendants stated at the hearing that they would not object to an order directing

15   production of J.T.'s inpatient records.  The court finds that disclosure of these records to Plaintiff is

16   necessary for the administration of justice.  *See* Cal. Welfare & Inst. Code §§ 5328 (prohibiting

17   disclosure of mental health services records except to the courts, "as necessary to the administration

18   of justice").  Defendants are ordered to produce the records by November 28, 2013.  The records

19   shall be subject to the protective order entered in this case.

20   **D.  Documents Relating to Corrective Action Against Therapist E.H. (RFP 108)**

21        RFP No. 108 seeks "[a]ll documents relating to any discipline, corrective action, or quality

22   review by Defendants against [Therapist E.H.]."   Plaintiff states that E.H. informed her that he was

23   also the subject of quality proceedings regarding his care of a suicidal patient, but was not subjected

24   to corrective action.  Plaintiff argues that Defendants' treatment of E.H. will show that their

25   purported reasons for terminating Plaintiff, which include her improper care of a suicidal patient,

26   were pretextual.  Plaintiff has proposed narrowing this discovery request to any quality proceedings

27   in which E.H.'s care of a suicidal patient was reviewed, and any corresponding discipline of E.H.,

28   from 2011 to 2012.

5

**United States District Court**

For the Northern District of California

1  At the hearing, Defendants indicated that a search through their electronic files for

2  documents responsive to this request would not be burdensome.  Accordingly, Defendants shall

3  conduct this search and produce any responsive documents by November 28, 2013.

4  **E.  Documents Relating to Access to Plaintiff's Medical Records (RFP 111)**

5  Plaintiff was herself a Kaiser patient.  Plaintiff alleges that Shigematsu may have improperly

6  accessed her personal medical records in his quest to have her terminated.  RFP No. 111 requests an

7  audit report which indicates who accessed Plaintiff's medical records.

8  Plaintiff recently asserted her right under the Health Information Technology for Economic

9  and Clinical Health Act of 2009 to determine who accessed her medical records by requesting that

10  Kaiser conduct a compliance investigation.  Because this compliance investigation necessarily

11  required the creation of an access report, Plaintiff argues that it would not be burdensome for

12  Defendants to produce this information.  At the hearing, Defendants agreed that the production of

13  this information would not be burdensome.  Defendants shall produce the requested information by

14  November 28, 2013.

15  **F.  The Parties' Conduct in Discovery**

16  During the course of the hearing, the court repeatedly noted the failure of the parties to

17  engage in meaningful meet and confer sessions and cooperative discovery practice.  The parties

18  were directed to review the Northern District of California "Guidelines for the Discovery of

19  Electronically Stored Information" and "Checklist for Rule 26(f) Meet and Confer Regarding ESI."

20  In light of the record in this case, the court orders that all further meet and confer sessions, including

21  those required by this order, must include a discussion about specific sources and search protocols

22  (including search terms, if applicable) before any search is conducted.

23  //

24  //

25  //

26  //

27  //

28  //

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel is granted in part and denied in part. At the hearing, the parties attempted to raise further disputes regarding deposition scope, duration and scheduling  The parties were ordered to have a thorough meet and confer session about these topics on November 14, 2013.

IT IS SO ORDERED.

Dated:  November 14, 2013

DONNA M. RYU
United States Magistrate Judge

7