UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN LOVE, | No. C-12-05679 WHO (DMR) |
| Plaintiff(s), | **ORDER RE: JOINT DISCOVERY LETTER [DOCKET NO. 157]** |
| v. | |
| THE PERMANENTE MEDICAL GROUP, | |
| Defendant(s). | |

Plaintiff Robin Love and Defendants The Permanente Medical Group, Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan (collectively, "Defendants") filed a joint discovery letter regarding Defendants' request for an order that Plaintiff appear for an additional four hours of deposition beyond the two days of testimony already provided. [Docket No. 157.] This matter is appropriate for determination without oral argument. Civil L.R. 7-1(b). Defendants' motion is denied.

## I. BACKGROUND

**A. Allegations**

This court has summarized the background of this case in previous orders, as has Judge Orrick. *See* Docket Nos. 154, 136. In brief, Plaintiff was employed as a chemical dependency therapist from September 2008 until May 2012 in the Chemical Dependency Services department of Defendants' South San Francisco hospital facility. Plaintiff contends she was employed without

incident until another therapist notified her in February 2011 that a patient named J.H. had made a death threat against her and Plaintiff complained that Defendants failed to properly respond. Plaintiff alleges that her supervisor, Director of Psychiatry Kenneth Shigematsu, took unlawful action against her for complaining about his response to the threatening patient. Plaintiff also contends that Mr. Shigematsu personally authorized the release of medical records to Patient J.H. in April 2011 despite recommendations from hospital staff that the request should be denied. Defendants contend that Plaintiff was terminated for errors in patient care, failures to chart properly, misstatements about her schedule, and other work-related problems.

Plaintiff's Second Amended Complaint ("SAC") alleges eight causes of action: retaliation, discrimination, wrongful termination in violation of public policy, breach of contract, wrongful termination against public policy, wrongful termination of hospital privileges, intentional infliction of emotional distress, and violation of right to fair procedure. *See* Docket No. 109. Judge Orrick has dismissed the retaliation and breach of contract claims with prejudice, and the parties have stipulated to the dismissal of the intentional infliction of emotional distress claim. *See* Docket Nos. 154, 158.

**B. Plaintiff's Deposition**

Plaintiff was first deposed on May 13, 2013, for six hours exclusive of breaks. At the conclusion of this deposition, Plaintiff agreed that Defendants could depose her for an additional day without seeking leave from the court to depose her beyond the 7-hour limit imposed by Federal Rule of Civil Procedure 30(d)(1). Plaintiff was deposed a second time for a full day on May 27, 2013. Letter at 4. After Plaintiff's second deposition, Plaintiff filed the SAC, which adds a claim for violation of the right to fair procedure[1] and some new factual allegations.

**II. DISCOVERY DISPUTE**

---

[1] Defendants do not appear to seek the opportunity to question Plaintiff about her new cause of action for violation of the right to fair procedure. In any event, Plaintiff avers, and Defendants do not dispute, that the violation of right of fair procedure claim is based upon the same facts previously alleged for Plaintiff's breach of contract and wrongful termination of hospital privileges claims, about which Defendants has had ample opportunity to depose Plaintiff.

2

1    Defendants seek to depose Plaintiff for an additional half day on several topics: (1)
2 Plaintiff's credentials and privileges, (2) Patient J.T.'s case, (3) workplace safety, (4) Plaintiff's
3 knowledge of "similarly situated" individuals, (5) Plaintiff's knowledge of a "Survey Monkey"
4 survey, and (6) a complaint Plaintiff made to Martha Gilmore, a Medical Group Administrator who
5 participated in the decision to terminate Plaintiff.  Letter at 4.

6    In the absence of a stipulation, a party must obtain leave from the court to reopen a
7 deposition.  Fed. R. Civ. P. 30(a)(2)(A)(ii); *accord Couch v. Wan*, No. 08-cv-1621, 2012 WL
8 4433470, at *3 (E.D. Cal. Sept. 24, 2012).  Whether to reopen a deposition lies within the court's
9 discretion.  *Couch*, 2012 WL 4433470, at *3 (citing *Dixon v. Certainteed Corp.*, 164 F.R.D. 685,
10 690 (D. Kan. 1996)).  Absent a showing of need or good reason, such as "long passage of time with
11 new evidence or new theories added to the complaint," a court generally will not order a reopening.
12 *Id.* (citing *Dixon*, 164 F.R.D. at 690; *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D.
13 Cal. 1990)).

14    Defendants argue that they are entitled to additional deposition testimony on the identified
15 topics because Plaintiff added numerous factual allegations to her Second Amended Complaint.
16 Plaintiff responds that Defendants already deposed her about those topics.  Plaintiff also argues that
17 the new factual allegations come from Defendants' late-produced documents, and that Defendants
18 created their own timing problem because they insisted on completing Plaintiff's deposition early in
19 discovery.

20    The court ordered Plaintiff to lodge with the court the portions of the deposition transcripts
21 supporting Plaintiff's assertion that she has previously been questioned on the topics identified by
22 Defendants.  Having reviewed the excerpted transcripts, the court concludes that they demonstrate
23 that Defendants have questioned Plaintiff at some length about (1) her privileges and credentials, (2)
24 Patient J.T., (3) workplace safety, and (4) similarly situated individuals.  The excerpts do not bear
25 any indication that Plaintiff was evasive, non-linear, or otherwise engaging in behavior that unfairly
26 prolonged the proceedings.

27    Defendants have had fair opportunity to obtain the information they now seek.  They chose
28 to schedule both of Plaintiff's prior depositions relatively early in discovery, prior to serving any

3

1  discovery requests, as well as before completing their own document production.  Plaintiffs assert,
2  and Defendants do not contest, that Defendants insisted on conducting Plaintiff's second day of
3  deposition before the commencement of Mr. Shigematsu's deposition.
4      As discussed above, Defendants already had the opportunity to depose Plaintiff about the
5  first four topics.  The remaining two topics—the survey, and Plaintiff's complaint to Gilmore—were
6  the subject of documents produced by Defendants in September and December 2013.  In the course
7  of this case, Defendants have resisted Plaintiff's discovery, requiring this court to intervene twice to
8  order Defendants to produce requested documents, some of it regarding the same topics on which
9  Defendants now seek to further depose Plaintiff.  The survey and Plaintiff's complaint to Gilmore
10 are documents that Plaintiff requested (and Defendants should have produced) before Plaintiff's
11 second deposition; they concern subject matters that are at the heart of Plaintiff's claims.[2]
12 Defendants emphasize that Plaintiff's SAC adds 92 factual allegations, but these allegations were
13 based upon documents untimely produced by Defendants and/or related to topics addressed during
14 the first two days of Plaintiff's deposition.  That Defendants made tactical decisions that resulted in
15 a litigation disadvantage does not warrant the reopening of Plaintiff deposition.  If the court were to

---

[2] The survey contains complaints about Shigematsu's conduct as a supervisor and is relevant to Plaintiff's allegations that Shigematsu had a reputation and pattern for retaliatory conduct. (The retaliation claim was not dismissed until December 2013, so this document was relevant for most of the discovery period to Plaintiff's then-existing claims.) In April 2013, Plaintiff requested all complaints made by any employee against Shigematsu, but Defendants refused to produce documents in response to this request for reasons the court determined to be unmeritorious. *See* Docket No. 97 at 7. Defendants eventually produced relevant portions of the survey in September 2013. Had Defendants timely produced the survey in May 2013, they could have asked her about the survey at her second deposition.

The complaint to Gilmore consists of two documents from September 2011: (1) a memo to Gilmore describing a phone message from Plaintiff, stating that "There was a threat against her and she doesn't feel it was address[ed] properly. She doesn't feel the safety issues was [sic] handled correctly," and handwritten notes stating "7 mo. ago / I will murder her" and "My safety concerns not addressed / Brought to security mgt."; and (2) an email sent by Plaintiff to Gilmore regarding Plaintiff's concern about J.H.'s threat and his request to obtain medical records. Docket No. 168, Ex. C and D.

J.H.'s threat to murder Plaintiff and his later request for records are the triggering events that led to this lawsuit. In April 2013, Plaintiff has served requests for discovery regarding or related to both of these events. Defendants should have produced the complaint to Gilmore in response to these requests. In fact, Plaintiff sent portions of her email to Gilmore to other recipients, and Defendants produced those documents in response to Plaintiff's discovery requests—which suggests that Defendants knew about the email to Gilmore and should have produced it earlier as well. Instead, Defendants produced these documents on December 5, 2013, in response to Plaintiff's subpoena for documents and deposition testimony from Martha Gilmore.

order additional deposition time, it would essentially be rewarding Defendants for their delays in document production, and/or unfairly fixing the consequences caused by Defendants' own strategic choice to insist on conducting Plaintiff's deposition prior to the commencement of Mr. Shigematsu's. Defendants have not shown need or good reason for a third day of deposition of Plaintiff on the topics requested by Defendants, and the court therefore denies Defendants' request.

## III. CONCLUSION

For the foregoing reasons, Defendants motion to compel is denied.

IT IS SO ORDERED.

Dated: February 4, 2014

DONNA M. RYU
United States Magistrate Judge