UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBIN LOVE,

    Plaintiff,

    v.

THE PERMANENTE MEDICAL GROUP, et al.,

    Defendants.

Case No. 12-cv-05679-WHO

**ORDER ON MOTION FOR RECONSIDERATION**

Re: Dkt. No. 189

Currently before the Court is plaintiff Robin Love's motion pursuant to Local Rule 7-9 for Leave to File a Motion for Reconsideration of this Court's order granting defendants' Third Motion to Dismiss. Dkt. No. 189. For the reasons below, the motion is DENIED.

Local Rule 7-9 allows a party to seek leave to file a motion for reconsideration. Civil L.R. 7-9. Under Local Rule 7-9(b), "[t]he moving party must specifically show . . . a material difference in fact or law exists from that which was presented to the Court" or "[t]he emergence of new material facts or a change of law" or "[t]he manifest failure by the Court to consider material facts or dispositive legal arguments . . . ." Civil L.R. 7-9(b). The basis of Love's motion is that defendants failed to produce the entire copy of an email Love sent to employees of the defendants until recently, and the paragraph that was not included bears on a cause of action that the Court has dismissed with prejudice.

Love's First Cause of Action alleges that she was retaliated against in violation of California Health and Safety Code section 1278.5 for complaining about defendants' failure to obtain a restraining order against a patient who threatened to kill her. SAC ¶¶ 17-22, 35-36, 39-41. The statute prohibits any healthcare facility from retaliating against an employee because the employee presents a complaint or report concerning the quality of care, services, or conditions at the facility. It states:

> No health facility shall discriminate or retaliate, in any manner, against any patient, employee, member of the medical staff, or any other health care worker of the health facility because that person has . . . initiated, participated, or cooperated in an investigation or administrative proceeding related to, the quality of care, services, or conditions at the facility that is carried out by an entity or agency responsible for accrediting or evaluating the facility or its medical staff, or governmental entity.

CAL. HEALTH & SAFETY CODE § 1278.5(b).

On April 5, 2013, Judge Gonzalez Rogers granted the defendants' first motion to dismiss the First Cause of Action with leave to amend, finding that Love's complaints were about defendants' failure to protect her rather than hospital care and conditions, and therefore her conduct was not protected "whistleblower activity" under the statute. Dkt. No. 25. On September 18, 2013, this Court found that Love's complaints as pleaded in the first amended complaint continued to pertain to "Kaiser's failure to protect *her*," and that "[w]hile Love alleges that her complaints related to unsafe conditions and patient safety, she provides no facts to support this assertion." Dkt. No. 104 at 5 (emphasis in original) (quotation marks omitted). Accordingly, the Court again dismissed the First Cause of Action with leave to amend. On December 13, 2013, the Court dismissed the First Cause of Action with prejudice because Love's second amended complaint still failed to allege facts showing that the complaints related to patient care, services, or hospital conditions. Dkt. No 154 at 5-6. Additionally, Love's "counsel admitted at oral argument that the complaints pertained to Love's own safety, [and] asked the Court to infer that the complaints related to the safety of others at the hospital . . . but provided no facts to support this assertion." *Id*. at 5.

The Motion for Leave asserts that Love has discovered "new material facts that warrant this Court's reconsideration." Dkt. No 189 at 4. Specifically, in December 2013 defendants produced an email from Love to employees of the defendants dated April 28, 2011, that "included a crucial paragraph that was not included in prior versions produced by Defendants." Dkt. No. 189 at 2. Most of the email, detailing Love's concern for her own safety, had been produced. It states, in pertinent part:

> When speaking to Noel Legabru last Thursday 4/21/11 he requested that I submit in writing what I would need to have some resolution and a sense of safety. Given I was told that a temporary restraining order could not be placed at this time he was

> asking what we could do to move forward.  He pointed out that patient has not made any additional threats and seems to be staying away so perhaps I could work on letting this go.
> . . .
> the Redwood City therapist Tanya Wiser was quite protective of her patient and albeit she wrote that the patient wanted to 'murder me' did not seem to take it seriously . . . the documentation in the chart at the time did not relieve [me] of the concern that he may act out on his threat . . . there was nothing in that note that made me feel like my safety was ensured.
> . . .
> In the future I would like to be made aware of any threat toward my person immediately.  I do not feel confident that I would be apprised adequately as evidenced of previous experience.  As recently as two weeks ago there was a note from his psychiatrist stating of significance was [patient]'s anger toward Robin Love . . .
> . . .
> A review of why or what happened that a restraining order had not been placed on this patient as I was promised by Jonathan head of security prior to my vacation following our meeting with security.
> . . .
> Myself and my manager left several voicemails to Jonathan [to] follow up on the restraining order and we did not hear back for two weeks.  By than [sic] he stated it was too late to file a temp restraining order and that I would need to go to the police station and file one myself . . . Without legal representation or backing from Kaiser I did not file a restraining order for fear I would not be protected . . . .

Dkt. No. 189, Ex 2.

The newly produced paragraph, which concludes the email, states:

> This is the last document that I gave to the legal team assisted by my attorney.  I want to make this clear I am and have only been interested in the care of our patients and my safety.  I have been concerned about bringing these issues to a higher level for fear of retaliation.  I have emails and notes of communications I have had around all of these events for additional support and information.  All of this information has been provided to by [sic] direct manager.

Dkt. No. 189, Ex 1 at 2.

Love asserts that this paragraph demonstrates "that (1) Ms. Love was motivated by a concern for patient care in her complaints about [the patient who threatened her], and (2) she feared retaliation for reporting such concerns." Dkt. No. 189 at 3-4.  This paragraph, however, does not materially change the facts alleged in the complaint.  The email demonstrates that Love's specific complaints to defendants pertained only to her safety.  Love complained to defendants about the death threat against her, the patient's anger towards her, the defendants' allegedly inadequate response, and her resulting feelings of insecurity at her workplace.  Nowhere in the

3

email does Love state that she reported any concerns about patient safety, care, or conditions at the hospital to defendants. While Love states that she was "interested in the care of our patients and my safety," none of the specific complaints detailed in the email deal with anyone else's safety but her own.

The Court's September 18, 2013 order dismissed the First Cause of Action based on factual allegations that Love had unexpressed concerns about patient safety. *See* Dkt. No. 104 ("Love alleges that she and her colleague 'believed' that Kaiser's failure to obtain a restraining order made it unsafe for the patient's wife to participate in Love's counseling group, and that the restraining order would have protected employees and other patients. FAC ¶¶ 20-21. Love does not allege that she communicated these specific concerns to Defendants."). The newly discovered paragraph does not change the facts previously alleged. California Health and Safety Code section 1278.5(b) protects whistleblowers who "initiated, participated or cooperated in an investigation or administrative proceeding related to the quality of care, services, or conditions at the facility," not those who raise personal concerns for their own safety, no matter how legitimate.

Love may still pursue causes of action for her remaining claims for discrimination, wrongful termination, and violation of the right to fair procedure under California Business and Professions Code section 805. But she fails to specifically show that "a material difference in fact or law exists from that which was presented to the Court" in her amended complaint that would support granting a motion for leave under Local Rule 7-9(b). Accordingly, the motion for leave is DENIED.

**IT IS SO ORDERED**.

Dated: February 10, 2014

_____
WILLIAM H. ORRICK
United States District Judge

4