UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBIN LOVE,

        Plaintiff(s),

    v.

THE PERMANENTE MEDICAL GROUP,

        Defendant(s).
_____/

No. C-12-05679 WHO (DMR)

**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION [DOCKET NO. 201]**

Plaintiff Robin Love and Defendants The Permanente Medical Group, Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan (collectively, "Defendants") filed a joint discovery letter regarding Plaintiff's request for production of information redacted from minutes of the Credentials and Privileges Committee ("CPC") meeting produced by Defendants on the basis of attorney-client privilege. [Docket No. 184.] The court granted Plaintiff's motion in an order dated February 19, 2014 ("February 19 Order"). [Docket No. 199.] Defendants now move the court for leave to file a motion for reconsideration of the February 19 Order. [Docket No. 201.]

**I. LEAVE TO FILE MOTION FOR RECONSIDERATION**

Federal Rule of Civil Procedure 54(b) states that "any order . . . [that does not end the action] may be revised at any time before the entry of judgment . . . ." Civil Local Rule 7-9(a) permits a party to "make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in

1 Civil L.R. 7-9(b)." In turn, Civil Local Rule 7-9(b) requires that a party moving for leave to file a
2 motion for reconsideration must specifically show "reasonable diligence in bringing the motion" and
3 one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Before noticing a motion for reconsideration, a party must first obtain leave of the court to file the motion. Civ. L.R. 7-9(a).

## II. DISCUSSION

In the February 19 Order, the court found that "Defendants waived any assertion of attorney-client privilege by disclosing the information to a third party [Dawn Belardinelli] without a common legal interest." Feb. 19 Order at 6. The court noted that "[t]here is no indication in the minutes of the meeting that Belardinelli was not present at the meeting when the redacted information was transmitted to the meeting attendees." *Id.* at 5-6.

Defendants now request leave to file a motion for reconsideration on two bases: (1) Defendants "can prove that Belardinelli was *absent* during" the relevant discussion during the CPC meeting, Mot. at 1, and (2) Belardinelli in fact had a common legal interest with the other attendees during the relevant portion of the CPC meeting.

Defendants' request for leave to file a motion for reconsideration is **denied** because Defendants have failed to show any of the three conditions described in Civil Local Rule 7-9(b). Defendants proceed under Rule 7-9(b)(1); namely, "that at the time of the motion for leave, a material difference in fact . . . exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." However, in order for these material differences in fact to form the basis for a motion for reconsideration, the "party also must show that

1 in the exercise of reasonable diligence the party applying for reconsideration did not know such fact
2 or law at the time of the interlocutory order." *Id.*

3   The facts presented in Defendants' present request should have been known to Defendants in
4 the exercise of reasonable diligence prior to the February 19 Order. With respect to the presence or
5 absence of Belardinelli at the meeting, Defendants do not claim not to have known about the matter,
6 but instead admit that they simply overlooked the possibility that the court would notice it. Mot. at 2
7 (Defendants "apologize for not specifically addressing the absence of Dr. Belardinelli . . . they did
8 not anticipate that the Court would focus on the presence of Dr. Belardinelli."). This argument is
9 curious given that Plaintiff explicitly argued the issue of waiver of attorney-client privilege on the
10 basis of the presence of guests at the CPC meeting, *see* Docket No. 184 at 2, and the fact that the
11 burden of showing that the privilege has not been waived rests with Defendants as the party
12 asserting privilege. *See Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir.
13 1981) ("As with all evidentiary privileges, the burden of proving that the attorney-client privilege
14 applies rests not with the party contesting the privilege, but with the party asserting it. One of the
15 elements that the asserting party must prove is that it has not waived the privilege.") (citations
16 omitted). Because Defendants have not shown that in the exercise of reasonable diligence they did
17 not know of Belardinelli's presence or absence at the relevant portion of meeting at the time of the
18 February 19 Order, the facts they raise now do not persuade the court that reconsideration is
19 appropriate.

20   With respect to Belardinelli's purported common interest with the other attendees of the
21 meeting, the same problem exists: Defendants present facts now that they should have known in the
22 exercise of reasonable diligence prior to the February 19 Order. Defendants claim that they "could
23 not have made this offer of proof in the Joint Letter Brief because this involves representations of
24 fact that need to be introduced by declaration," and "[d]eclarations are not permitted in support of
25 Joint Letter Briefs." Mot. at 3. This is incorrect. *See* Docket No. 69 at 2 (Order re: Discovery
26 Procedures) (creating no prohibition on declarations but requiring only that "[n]o other exhibits shall
27 be submitted without prior approval by the court."). In fact, several times in the recent course of this
28 litigation, Defendants have requested approval from the court to file additional evidence or argument

3

in support of a discovery letter. *See* Docket No. 174, 178; *see also* Docket No. 167 (Defendants submitting, at the court's request, supplemental briefing with additional facts and arguments not in the form of a declaration). The facts that Defendants seek to introduce now are facts that they could have put before the court in the exercise of reasonable diligence before the February 19 Order, and as such that court will not reconsider its previous order on the basis of these facts.

### III.  CONCLUSION

For the reasons stated above, Defendants' request for leave to file a motion for reconsideration is **denied**. Defendants shall produce a copy of TPMG 3826-3832 with the redaction removed by February 25, 2014.

IT IS SO ORDERED.

Dated:  February 24, 2014

DONNA M. RYU
United States Magistrate Judge