UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBIN LOVE,

        Plaintiff(s),

    v.

THE PERMANENTE MEDICAL GROUP,

        Defendant(s).
_____/

No. C-12-05679 WHO (DMR)

**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION [DOCKET NO. 197]**

    Plaintiff Robin Love and Defendants The Permanente Medical Group, Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan (collectively, "Defendants") filed a joint discovery letter regarding Defendants' request for an order that Plaintiff appear for an additional four hours of deposition beyond the two days of testimony already provided so that Defendants could question Plaintiff about an email she sent to Martha Gilmore in September 2011, among other topics. [Docket No. 157.] The court denied Defendants' motion in an order dated February 4, 2014 ("February 4 Order"). [Docket No. 182.] Defendants now move the court for leave to file a motion for reconsideration of the February 4 Order. [Docket No. 197.]

## I. LEAVE TO FILE MOTION FOR RECONSIDERATION

    Federal Rule of Civil Procedure 54(b) states that "any order . . . [that does not end the action] may be revised at any time before the entry of judgment . . . ." Civil Local Rule 7-9(a) permits a party to "make a motion before a Judge requesting that the Judge grant the party leave to file a

motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9(b)." In turn, Civil Local Rule 7-9(b) requires that a party moving for leave to file a motion for reconsideration must specifically show "reasonable diligence in bringing the motion" and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Before noticing a motion for reconsideration, a party must first obtain leave of the court to file the motion. Civ. L.R. 7-9(a).

## II. DISCUSSION

Defendants' request for leave to file a motion for reconsideration is **denied** because Defendants have failed to show any of the three conditions described in Civil Local Rule 7-9(b). This order serves to explain the court's rationale for denying leave and to clarify the court's February 4 Order.

The February 4 Order included the following sentence: "In fact, Plaintiff sent portions of her email to Gilmore to other recipients, and Defendants produced those documents in response to Plaintiff's discovery requests—which suggests that Defendants knew about the email to Gilmore and should have produced it earlier as well." February 4 Order at 4. Defendants raise two arguments for reconsideration that focus on this sentence.

First, Defendants believe the court "conflated the earlier group of recipients with the later Gilmore email group." Docket No. 197 at 2. However, this simply misreads the court's statement. The court's version of events has consistently aligned with Defendants' version: (1) in February 2011 and again in April 2011, Plaintiff sent documents to "other recipients," i.e., not the recipients of the email to Gilmore, and (2) in September 2011, Plaintiff forwarded these two documents

essentially verbatim to Gilmore, William Plautz, and Maureen Saunders.[1] The plain language of the court's statement that "Plaintiff [had] sent portions of her email to Gilmore to other recipients" does not indicate any presumption that the recipients of the earlier documents *overlapped* with the recipients of the email to Gilmore. The purpose of the court's raising the fact that Plaintiff had previously sent portions of her email to Gilmore to other recipients was *not* to suggest that Gilmore had received a copy of the earlier documents, or that the recipients of the February and April 2011 documents had received the email to Gilmore, but simply to emphasize that Defendants should have discovered the undoubtedly responsive email to Gilmore sooner than they did because the language therein repeated essentially verbatim the language in two documents that Defendants knew earlier on was responsive to Plaintiff's discovery requests.

Second, Defendants attempt to introduce new facts and argument to show that they "had no reason to know" about the email to Gilmore until late 2013, e.g. because Defendants did not know that Gilmore had documents relating to Plaintiff's personnel records. These new facts, which should have been put before the court in the first instance, nonetheless do not move the court from its initial assessment that Defendants knew or should have known about the email to Gilmore. One reason the court arrived at this assessment is stated above: early in 2013, Defendants had produced documents dated February and April 2011 whose language the email to Gilmore repeated verbatim. The February and April 2011 documents should have alerted Defendants to look for related documents using similar language, if not in the files of Gilmore then in Plaintiff's employee emails (as she was the sender of the email) or in the emails of William Plautz (another recipient on the email to Gilmore).[2] Defendants' new facts do not alter this analysis.

### III. CONCLUSION

---

[1] These facts were evident from documents before the court prior to the February 4 Order. *See* Docket No. 169-3 (September 2011 email to Gilmore); 178-2 (February and April 2011 documents); 167 at 2 (Defendants state that April 2011 document was sent to Noel Legorburu); 174 (Defendants state that February 2011 document was forwarded to Gilmore in September 2011, and do not indicate that recipients of February 2011 and September 2011 documents overlapped).

[2] In April 2013, Plaintiff requested discovery of "all documents contained in the files of William Plautz relating to Robin Love." RFP No. 61. Responses to this request were due on May 16, 2013, prior to the date of Plaintiff's second deposition. Thus Defendants should have produced the email to Gilmore in response to this RFP, since Plautz was carbon copied on the email.

For the reasons stated above, Defendants' request for leave to file a motion for reconsideration is **denied**.

IT IS SO ORDERED.

Dated:  February 24, 2014

DONNA M. RYU
United States Magistrate Judge

4